## YOUNGSTOWN HIPPODROME CO. v. HARTFORD ACC. & IND. CO.

Ohio Appeals, 7th Dist., Mahoning Co.

Decided Oct. 21, 1927.

First Publication of This Opinion.

Syllabus by Editorial Staff.

625b. INDEMNITY INSURANCE—677. Judgments and Decrees—355. Damages.

1. Humiliation and mental suffering alone, not sufficient to constitute legal cause of action for damages.

2. Clause, in indemnity policy, "to indemnify against loss by reason of the liability imposed by law" held not to indemnify against verdict for "damages against defendant for humiliation and mental suffering."

Error to Common Pleas.
Judgment affirmed.

Wilson, Hahn & Wilson, Youngstown, for Hippodrome Co.

Kennedy, Manchaster, Conroy & Ford, Youngstown, for Ind. Co.

STATEMENT OF FACTS.

This is an error proceeding in this court and is an outgrowth of a case entitled Helen B. Rochow v. The Youngstown Hippodrome Co., which action was commenced in the Court of Common Pleas of this county and which went to trial upon the amended petition of the plaintiff, in which she alleged, in substance, that on the evening of the 2nd of Feb., 1923, she, in the company of friends and relatives, went to the place of entertainment of the Hippodrome Co., and that while seated during the performance a drunken man in the rear of her seat vomited over her clothing and person. She brought an action to recover damages which she claimed to have incurred by reason of the conduct of this individual and by the consideration of the jury was awarded a verdict of $100.

The verdict which was returned by the jury in this case reads as follows:

"We, the jury in the above entitled cause, find the issues joined by the pleadings for the plaintiff and assess $100 damages against defendant for humiliation and mental suffering."

One of the conditions of this policy of insurance reads as follows:

"To indemnify the assured named in the warranties hereof against loss by reason of

the liability imposed by law upon the assured for damages on account of bodily injuries * * * "

ROBERTS, J.

"There is no essential dispute concerning any question of fact in this case, but the proposition involved is a determination as to whether or not there is any liability on the part of the insurance company to pay this verdict and the judgment rendered thereon under the undisputed circumstances.

In the case of Miller v. Ry. Co., 78 OS. 309, paragraph 3 of the syllabus reads as follows:

"No liability exists for acts of negligence causing mere fright or shock, unaccompanied by contemporaneous physical injury, even though subsequent illness results, where the negligent acts complained of are neither willful nor malicious."

There was no claim in this case that the act complained of was willful or malicious and this decision establishes the rule in this connection in conformity with the paragraph of the syllabus which has just been read to the effect that no recovery can be had for fright or mental suffering unless there has been a physical contact or impact resulting, from which it can be said there was cause for damages.

The verdict which was rendered against it was simply damages for humiliation and mental suffering, and the law is well settled in the case of Miller v. Ry Co. that humiliation and mental suffering alone are not sufficient to constitute a legal cause of action for damages. That is all there is in this verdict and we are of the opinion that there was no liability under the terms of this contract for a judgment obtained in another action unless it was legal in law, the clause of the policy to which reference has heretofore been made reading: "To indemnify against loss by reason of the liability imposed by law," and there is no liability imposed by law upon a verdict for injuries simply resulting in humiliation and mental suffering.

The verdict was not a legal liability upon which to attempt to predicate a subsequent action to recover against the insurance company by reason of the provisions in the policy, and the judgment of the Court of Common Pleas is affirmed."

(Farr and Pollock, JJ., concur.)